IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMSEY BELLE | § | |
| v. | § | CIVIL ACTION NO. 6:08cv362 |
| TYLER POLICE DEPARTMENT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jamsey Belle, proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint, Belle says that in September of 2006, he was pulled over by a Tyler police officer named Tommy Louis. He was told that the traffic stop was on a video recording; Belle says that he told his attorney about this, and she wrote to the Tyler police department asking for the video recording and the voice recording for his upcoming trial date.

However, Belle says, Lacy later told him that the video recording and the voice recording failed to give a clear picture of the traffic stop. He says that due to "poor maintenance or alteration," the recordings were not available for trial in his case.

Belle was convicted of the offense of possession of a controlled substance. After this conviction, he filed a complaint with the Tyler police department, but never received a response about what was done about "possible obstruction of justice and the altering of a video recording and voice recording of this traffic stop." Belle asks for compensation in damages due to being denied the right of access to the evidence found on the video tape and voice recording.

1

After reviewing the pleadings in the case, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice as frivolous, with refiling conditioned upon Belle's showing that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). The Magistrate Judge further recommended that this dismissal of the lawsuit have no effect upon Belle's right to challenge his conviction through any lawful means, including but not limited to a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure or a federal habeas corpus application under 28 U.S.C. §2254.

Belle filed a response to the Magistrate Judge's Report on October 6, 2008. In this response, he says that he has no objection to a dismissal of his lawsuit and that he brought the lawsuit in good faith. He states that he should have had an opportunity to view the videotape before trial. He also asks that the Court "suspend" his lawsuit while he pursues the challenge to his conviction.

A suspension of the lawsuit is unnecessary because the statute of limitations will not begin to run until the Heck pre-conditions are met. Stephenson v. Reno, 28 F.3d 26, 27-28 (5th Cir.1994). The recommendation made by the Magistrate Judge is correct.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge, and the Plaintiff's response thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that to the extent that Belle's response objects to this Report, such objections are without merit. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil rights action be and hereby is DISMISSED without prejudice, with the refiling thereof conditioned upon a showing that the Plaintiff's conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or

called into question through the issuance of a federal writ of habeas corpus. The dismissal of this lawsuit shall have no effect upon Belle's right to challenge his conviction through any lawful means, including but not limited to a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure or a federal habeas corpus application under 28 U.S.C. §2254; however, Belle is reminded that he cannot seek federal habeas corpus relief until his state remedies have been exhausted. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 28th day of October, 2008.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**